ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
CONPROCA, S.A. DE C.V.,

                      Petitioner,

      - against -

PETRÓLEOS MEXICANOS AND PEMEX
REFINANCIÓN,

                      Respondents.
- - - - - - - - - - - - - - - - - - - X

11 Civ. 9165 (LLS)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/13

    Petitioner CONPROCA, S.A. de C.V. ("CONPROCA"), a joint venture between multinational corporations organized under the laws of Mexico, petitions under 9 U.S.C. §§ 207, 302 (implementing the Inter-American Convention on International Commercial Arbitration, 14 I.L.M. 336) for confirmation of two arbitral awards in its favor issued in Mexico under Mexican law against Petróleos Mexicanos, Mexico's national oil exploration corporation, and its affiliate Pemex Refinación (collectively, "PEMEX"), concerning disputes over an oil refinery rehabilitation project in Cadereyta Jiminez, Nuevo Leon, Mexico.

    The first award, issued December 17, 2008, establishes the parties' respective liabilities in connection with the project (the "Liability Award"). The second award, issued December 23, 2011 (and amended with typographical corrections on April 19, 2012), determines damages (the "Quantum Award"): PEMEX owes

CONPROCA an estimated U.S. $311 million, plus interest and taxes, the calculation of which the parties dispute.[1]

PEMEX is seeking to set aside the Quantum Award in the Mexican courts. On July 27, 2012, PEMEX filed a petition to annul the Quantum Award with the Eleventh District Court in Mexico. That court dismissed the petition, PEMEX appealed, and the appeal was dismissed for lack of jurisdiction. PEMEX then filed an amparo[2] action with the Fourth Collegiate Court of Mexico challenging the dismissal of the annulment petition and seeking to have the petition reinstated (i.e., to revive the attack on the awards).

The Fourth Collegiate Court granted PEMEX's amparo petition. On December 11, 2012, the Eleventh District Court reinstated the annulment petition (to vacate the awards) and entered an anti-suit injunction requiring CONPROCA to "refrain[] from commencing or continuing any act aimed at obtaining recognition or enforcement of the quantification award in Mexico

---

[1] See CONPROCA Reply at 31-35. When CONPROCA filed the initial Petition to Confirm the Arbitration Award (Dkt. No. 1) on December 14, 2011, CONPROCA only sought to confirm the Liability Award, because the arbitration tribunal had not yet issued the Quantum Award. In subsequent filings, the parties agree that the Final Award is "the more important of the two awards because it is the only one that purports to settle the parties' dispute." Pet's Mem. at 8 n.4, quoting Resp's Mem. at 2.
[2] "An amparo action is a judicial challenge to the validity or constitutionality of acts of a government authority." Corporacion Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploracion y Produccion, 2013 WL 4517225, at *3 n.4 (S.D.N.Y. Aug. 27 2013). It does not award damages. Its sole remedy is a declaration of the invalidity of the challenged government action. Id.

and abroad, annulment of which is requested." Ex. A to PEMEX's Oct. 2, 2013 Letter to Court at 4-5.

Thus, at present, the annulment petition remains pending in the Mexican District Court. The parties say that the District Court decision will be subject to two potential levels of appellate review, and they estimate it will take a year or two for it to become final.

Meanwhile, PEMEX moves to dismiss CONPROCA's petition in this court to confirm the arbitration awards, arguing that consideration of them is barred by forum non conveniens. Alternatively, PEMEX asks the court to stay this confirmation proceeding until the Mexican courts determine the awards' validity.

## DISCUSSION

The parties agree that this dispute falls under the Inter-American Convention on International Commercial Arbitration (the "Panama Convention" or "Convention") because CONPROCA seeks enforcement of Mexican arbitration awards in the United States. See Convention, Art. I ("This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought").

The Federal Arbitration Act ("FAA") authorizes United States courts to enforce an arbitral award falling under the

- 3 -

Convention. 9 U.S.C § 301. A court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition of the award specified in the said Convention apply." 9 U.S.C. § 207.

Article V of the Convention specifies certain grounds for refusal, including Article 5(e), which states that recognition of the award may be refused with proof that "the decision is not yet binding on the parties or has been annulled or suspended by a competent authority of the State in which, or according to the law of which, the decision has been made." Article VI of the Convention provides:

> If the competent authority mentioned in Article 5.1.e has been requested to annul or suspend the arbitral decision, the authority before which such decision is invoked may, if it deems it appropriate, postpone a decision on the execution of the arbitral decision, and at the request of the party requesting execution, may also instruct the other party to provide appropriate guaranties.

This provision allows courts where enforcement is sought to stay confirmation in deference to annulment proceedings where the award has been rendered.

Courts may also apply the procedural doctrine of forum non conveniens to dismiss petitions brought under the Convention. "Although the Convention establishes jurisdiction in the United States through a venue statute appended to the Federal

- 4 -

Arbitration Act, see 9 U.S.C. § 203, 204, there remains the authority to reject that jurisdiction for reasons of convenience, judicial economy and justice." In re Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine, 311 F.3d 488, 497 (2d Cir. 2002).

While its efforts to annul the awards continue in Mexico, PEMEX seeks dismissal under forum non conveniens or a stay under Article VI of the Convention.

1.

The ongoing litigation in Mexico challenges the validity of the Quantum Award and may directly affect the propriety of enforcement. In deciding whether to grant a stay under Article VI, a court

> must take into account the inherent tension between competing concerns. On the one hand, the adjournment of enforcement proceedings impedes the goals of arbitration — the expeditious resolution of disputes and the avoidance of protracted and expensive litigation. Under the law of many countries, an arbitration award is final, binding, and enforceable even if subject to further appeal in court. A stay of confirmation should not be lightly granted lest it encourage abusive tactics by the party that lost in arbitration.
>
> On the other hand, certain considerations favor granting a stay. One of the grounds for refusing to enforce an award under Article V(1)(e) is if the award "has been set aside or suspended by a competent authority of the country in which . . . the award was made." Thus, where a parallel proceeding is ongoing in the originating country and there is a possibility

>that the award will be set aside, a district court may be acting improvidently by enforcing the award prior to the completion of the foreign proceedings. Moreover, where, as here, it is the plaintiff who first sought to enforce his award in the originating country, the argument for enforcement by the plaintiff in the district court loses force because the possibility of conflicting results and the consequent offense to international comity can be laid at the plaintiff's door. The limited scope of review allowed under the Convention also favors deference to proceedings in the originating country that involve less deferential standards of review on the premise that, under these circumstances, a foreign court well-versed in its own law is better suited to determine the validity of the award.

Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 317-18 (2d Cir. 1998) (citations and footnotes omitted) (alterations in original).

The Mexican District Court has reinstated the annulment petition and will review the validity of the awards under Mexican law. Mexico has an important interest in its review of those awards: they concern a Mexican national instrumentality, a Mexican joint venture, and the application of law which both parties have agreed governs their disputes. It is the function of Mexican courts, not United States courts, to declare what Mexican law is.

In this case, the better course is to respect Mexico's interest in determining the validity of the awards under Mexican

law and refrain from action until the Mexican courts render their judgment. The stay is therefore granted.

2.

The issues of the application of <u>forum non conveniens</u> to the question of confirmation of a completed arbitration award (rather than its more familiar application to the prospect of conducting a litigation on the merits) are deferred until its validity in its issuing country, now being actively litigated there, is determined. If the awards are invalid under Mexican law, those issues will probably never arise.

The motion for dismissal now under <u>forum non conveniens</u> is denied.

## CONCLUSION

For the foregoing reasons, PEMEX's motion to dismiss the petition under <u>forum non conveniens</u> (Dkt. No. 16) is denied without prejudice. PEMEX's motion to stay the enforcement of the awards (also Dkt. No. 16), is granted and further proceedings on CONPROCA's petition to confirm the awards (Dkt. No. 1) are stayed until 30 days after the expiration of the time to review the decision of whatever Mexican court ultimately determines the validity of the awards in Mexico.

Questions regarding the need for, and appropriate amount of security, if any, to be posted during the pendency of the stay may be addressed by separate application, if desired.

So ordered.

Dated:  New York, New York
        October 17, 2013

                                    *Louis L. Stanton*
                                    LOUIS L. STANTON
                                    U.S.D.J.