- - - - - - - - - - - - - - - - - - - - - - - - - - x

CONPROCA, S.A. DE C.V.,
                  Petitioner,

    - against -

PETRÓLEOS MEXICANOS AND
PEMEX REFINACIÓN,

                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:    11 Civ. 9165 (LLS)
:
:
:
:
:

**CONPROCA, S.A. DE C.V.'s MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO REQUIRE RESPONDENTS TO POST
SECURITY DURING THE STAY OR, IN THE ALTERNATIVE,
LIFT THE STAY AND CONFIRM ARBITRATION AWARDS**

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Phone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for Petitioner
CONPROCA S.A. de C.V.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................1

BACKGROUND FACTS..................................................................................3

    A.  The Arbitration and the Arbitration Awards.........................................3

    B.  The District Court Proceedings to Date .................................................4

    C.  Respondents' Failed Challenge to the Arbitration Awards in Mexico ................5

ARGUMENT ..........................................................................................6

    I.   RESPONDENTS SHOULD BE REQUIRED TO PROVIDE
        APPROPRIATE SECURITY TO CONTINUE A STAY OF THESE
        PROCEEDINGS ..........................................................................6

    II.  ALTERNATIVELY, THE COURT SHOULD LIFT THE STAY AND
        ALLOW CONFIRMATION TO PROCEED.......................................11

CONCLUSION..........................................................................................13

NEWYORK 9326491 v8

## TABLE OF AUTHORITIES

### CASES

Alto Mar Girassol v. Lumbermens Mut. Cas. Co., No. 04 C 7731, 2005 WL 947126 (N.D. Ill. Apr. 12, 2005) ...............7

Ambac Assur. Corp. v. Adelanto Pub. Util. Auth., No. 09 Civ. 5087 (JFK), 2014 WL 2893306 (S.D.N.Y. June 26, 2014)...............10

Banco de Seguros del Estado v. Mutual Marine Off., Inc. 257 F. Supp. 2d 681 (S.D.N.Y. 2003)...............12

Caribbean Trading & Fid. Co. v. Nigerian Nat. Petroleum Co., No. 90 Civ. 4169 (JFK), 1990 WL 213030 (S.D.N.Y. Dec. 18, 1990) ...............7

China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc., No. 06 Civ. 13107 (LAK), 2009 WL 3805596 (S.D.N.Y. Nov. 13, 2009) ...............12

City of New York v. B.L. Jennings, Inc., 219 F.R.D. 255 (E.D.N.Y. 2004)...............11

Conproca, S.A. de C.V. v. Petroleos Mexicanos, No. 11 Civ. 9165(LLS), 2013 WL 5664988 (S.D.N.Y. Oct. 17, 2013) ...............passim

Corporacion Mexicana de Mantenimiento Integral. S. DE R.L. DE C.V. v. Pemex Exploracion y Produccion, Civ. No. 10-4656 (S.D.N.Y.)...............9

de la Fuente v. DCI Telecommunications, Inc., 269 F. Supp. 2d 237 (S.D.N.Y. 2003) ...............10

DH Blair & Co., Inc. v. Gottdiener, 462 F.3d 95 (2d Cir. 2006)...............12

Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310 (2d Cir. 1998)...............6, 11

Int'l Ins. Co. v. Caja Nacional De Ahorro y Seguro, 293 F.3d 392 (7th Cir. 2002)...............7

Jimco Enter., Inc. v. Lehigh Gas Corp. No. 1:07-CV-0578, 2011 WL 4594141 (N.D.N.Y. Sept. 30, 2011)...............8

John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., No. 91 Civ. 8635 (JFK), 1993 WL 515376 (S.D.N.Y. Dec. 8, 1993)...............9

Korea Wheel Corp. v. JCA Corp. No. C05-1590C, 2005 WL 3454335 (W.D. Wash. Dec. 16, 2005)...............7

MGM Prods. Group, Inc. v. Aeroflot Russian Airlines, 573 F. Supp. 2d 772 (S.D.N.Y. 2003)...............11, 12

Nedagro B.V. v. Zao Kobnversbank, No. 02 Civ. 3946 (HB), 2003 WL 151997 (S.D.N.Y. Jan. 21, 2003) ...........................................................................................................................6

Nippon Emo-Trans Co., Ltd. v. Emo-Trans, Inc., 744 F. Supp. 1215 (E.D.N.Y. 1990) ...................8

Petroleos Mexicanos v. SK Eng'g & Const. Co. Ltd., No. 12 CIV. 9070 LLS, 2013 WL 3936191 (S.D.N.Y. July 30, 2013) ...........................................................................................................8

Rive v. Briggs of Cancun, Inc., No. Civ. A. 99-2204, 2000 WL 98127 (E.D. La. Jan. 26, 2000) .....7

Skandia Am. Reinsurance Corp. v. Caja Nacional de Ahorro y Segoro, No. 96 CIV. 2301 (KMW), 1997 WL 278054 (S.D.N.Y. May 23, 1997).................................................................7

Soler v. G&U, Inc., 86 F.R.D. 524 (S.D.N.Y. 1980).........................................................................11

Spier v. Calzaturificio Tecnica S.p.A., No. 86 Civ. 3447 (CSH), 1988 WL 96839 (S.D.N.Y. Sept. 12, 1988) .........................................................................................................7, 9

Petitioner CONPROCA, S.A. de C.V. ("CONPROCA" or "Petitioner") submits this memorandum of law in support of its motion to require Respondents Petróleos Mexicanos and Pemex-Refinación (collectively, "PEMEX" or "Respondents") to post suitable security during a continued stay of these proceedings or, in the alternative, to lift the stay and confirm the arbitration awards.

## PRELIMINARY STATEMENT

In its Opinion and Order dated October 17, 2013 (the "Opinion and Order"), the Court ordered that this confirmation proceeding be stayed pending the outcome of nullification proceedings brought by PEMEX in Mexico. The Court noted that (i) PEMEX's previously dismissed nullification petition had been reinstated on appeal, and (ii) the Mexican court hearing that petition had reinstated an "anti-suit injunction" requiring CONPROCA to refrain from continuing with this U.S. proceeding. The Court also stated that whether PEMEX should be required to post security during the stay could be addressed by separate application. Conproca, S.A. de C.V. v. Petroleos Mexicanos, et al., No. 11 Civ. 9165(LLS), 2013 WL 5664988 (S.D.N.Y. Oct. 17, 2013).

The time now has come when security should be posted. Since the Court's Opinion and Order: (i) the "anti-suit injunction" was lifted in a final, non-appealable decision (freeing CONPROCA to bring this motion without legal jeopardy under Mexican law); (ii) PEMEX's nullification petition has again been dismissed in its entirety; (iii) that dismissal was affirmed in its entirety by the Fourth Collegiate Court in Mexico; and (iv) PEMEX has just appealed the repeated dismissals of its nullification petitions to the Mexican Supreme Court of Justice – a process that could delay confirmation proceedings here for up to another nine months.

-1-

In light of these circumstances, CONPROCA respectfully requests that the Court order PEMEX, under Article VI of the Panama Convention, to post as security the full amount of the Final Award (as defined below) owed to CONPROCA, with interest, in the amount of USD592,926,082.74, as a condition to any continuing stay of this confirmation proceeding.

While the decision whether to require security under Article VI of the Panama Convention is discretionary, courts in the Second Circuit (and other Circuits) consistently and routinely require security in the amount of the total arbitration award, plus interest, to provide a straightforward and ready means of collection if the arbitral award is confirmed. As discussed further below, it is particularly appropriate to require PEMEX to post security here.

PEMEX has unreasonably delayed and refused to pay the Final Award. The significant amounts owed by PEMEX are for work and services performed over twelve years ago. After a ten year arbitration, PEMEX refused to voluntarily comply with the Final Award, unsuccessfully resisted personal service in this action, and waited another seven months to commence the unsuccessful, parallel proceedings in Mexico attacking the Final Award. During that delay, PEMEX also commenced a separate RICO action, seeking to re-litigate issues fully addressed in the arbitration and decided by the Final Award. That action was dismissed by this Court in a decision that was summarily affirmed on appeal.

Now, after PEMEX's arguments to nullify the Final Award have been rejected by two levels of Mexican courts, PEMEX has filed an extraordinary appeal with the Supreme Court of Mexico that hinges on PEMEX, somehow, demonstrating that the refusal of the Mexican courts to nullify the Final Award violated the Mexican Constitution.

Accordingly, given that courts consistently require that security be posted in support of a stay of confirmation proceedings, the extraordinary length of this dispute, and the significant

amount of the unpaid award, PEMEX should be required to post the security contemplated under Article VI of the Panama Convention in the full amount of the Final Award plus interest.

If security is not required, CONPROCA respectfully requests that the Court lift its stay and allow confirmation of the arbitral awards to proceed. CONPROCA recognizes that this Court's Opinion and Order imposed a stay until there is an "ultimate determination" of validity in Mexico. However, given that the Mexican courts have repeatedly refused to nullify the Final Award issued in CONPROCA's favor, which rulings are now subject only to an extraordinary appeal that could take another nine months to decide, CONPROCA respectfully submits that lifting the stay is appropriate if security is not granted. While PEMEX may have the right to seek a further appeal in Mexico, there is no reason for PEMEX to be allowed to continue to stay this confirmation proceeding without providing the security ordinarily required as the price for pursuing such a path.

## BACKGROUND FACTS[1]

### A.    The Arbitration and the Arbitration Awards

Thirteen years ago, on September 14, 2001, CONPROCA commenced the underlying arbitration before the International Chamber of Commerce, captioned <u>CONPROCA, S.A. de C.V.</u> v. <u>Petróleos Mexicanos and Pemex-Refinación</u>, Case No. 11760/KGA (subsequently re-captioned as Case No. 11760/KGA /CCO/ JRF/CA), concerning disputed contractual claims related to an oil refinery rehabilitation project in Cadereyta Jiminez, Nuevo Leon, Mexico.

Following an initial liability phase, the Tribunal issued an over 500-page award on December 17, 2008 (the "Award on Liability"), ruling in favor of CONPROCA on a majority of its claims and rejecting the majority of PEMEX's counterclaims.

---

[1]    This summary of background facts is taken from CONPROCA's First Amended Petition to Confirm Arbitration Award (the "Amended Petition" or "Am. Pet.") dated January 13, 2012 (ECF No. 4) and this Court's Opinion and Order, 2013 WL 566499.

Following a quantum phase, on January 11, 2012, the Tribunal issued a Final Award on Quantum (the "Final Award").[2] After taking into consideration the amounts awarded by the Tribunal to each of the parties and calculating interest as prescribed in the Final Award, the final amount awarded to CONPROCA pursuant to the Final Award as of August 31, 2014 (and not including interest and other costs accrued after August 31, 2014) is USD592,926,082.74. The final amount awarded to Respondents through the same date is USD44,857,272.84 and MXP126,186,255.53. See Second Supplemental Declaration of Luis Vite Zamore, dated September 11, 2014, at ¶ 15.

**B.     The District Court Proceedings to Date**

CONPROCA commenced this confirmation proceeding on December 14, 2011 and subsequently filed the Amended Petition on January 13, 2012. [ECF Nos. 1, 4]  Pursuant to an agreed scheduling order between the parties, Respondents filed a motion to dismiss the Amended Petition to Confirm Arbitration Award, dated July 12, 2012, and Petitioner filed a Motion to Confirm Arbitration Award, dated August 17, 2012.  The motions with supporting affidavits were fully briefed by October 19, 2002. [ECF Nos. 16, 18, 21, 25, 30].

A year later, PEMEX filed an additional letter submission dated October 2, 2013 [ECF No. 36], informing the Court that the Eleventh District Court in Mexico had entered an "anti-suit injunction," requiring CONPROCA "to refrain[] from commencing or continuing any act aimed at obtaining recognition or enforcement of the quantification award in Mexico and abroad, annulment of which is demanded" (the "Anti-Suit Injunction").  CONPROCA responded to PEMEX's submission by letter dated October 3, 2013 [ECF No. 35], and a conference was held before the Court on October 4, 2013.

---

[2]     During the prior motion practice in this proceeding, Petitioner and Respondents agreed that the Final Award is "the more important of the two awards because it is the only one that purports to settle the parties' dispute." See Opinion and Order, at *3 n.1.

The Court issued its Opinion and Order on October 17, 2013, which, *inter alia*: (i) denied without prejudice PEMEX's motion to dismiss the Amended Petition under *forum non conveniens*, and (ii) granted PEMEX's motion to stay enforcement of the Award, ordering that "further proceedings on CONPROCA's petition to confirm the awards . . . are stayed until 30 days after the expiration of the time to review the decision of whatever Mexican court ultimately determines the validity of the awards in Mexico." Conproca, S.A. de C.V. v. Petroleos Mexicanos, No. 11 Civ. 9165(LLS), 2013 WL 5664988, at *3 (S.D.N.Y. Oct. 17, 2013). In addition, the Court directed that "[q]uestions regarding the need for, and appropriate amount of security, if any, to be posted during the pendency of the stay may be addressed by separate application, if desired." Conproca, S.A. de C.V., 2013 WL 5664988, at *3.

### C.   Respondents' Failed Challenge to the Arbitration Award in Mexico

As set forth in the accompanying Declaration of Marco Tulio Venegas Cruz, dated September 12, 2014, there have been three significant developments in the Mexican litigation since this Court's 2013 Opinion and Order.

First, the prior Anti-Suit Injunction has been permanently lifted. Thus, unlike at the time of the Court's Decision and Order, the Mexican courts have now removed any restriction on CONPROCA proceeding with this confirmation action. This decision is not subject to further appellate review. (Venegas Cruz Decl. ¶¶ 12-13)

Second, on November 11, 2013, the Eleventh District Court issued its final ruling in the nullification proceeding, denying PEMEX's petition to nullify the Final Award. (Id. ¶ 6) By written decision dated August 1, 2014, the Fourth Collegiate Court on Civil Matters upheld the the final ruling of the Eleventh District Court and confirmed the denial of PEMEX's petition to set aside the Final Award. (Id. ¶ 8) Thus, every Mexican court that has considered the matter has rejected PEMEX's arguments.

Third, on August 19, 2014, the Fourth Collegiate Court issued a procedural order acknowledging that PEMEX had filed a revision appeal to the Supreme Court of Justice of Mexico. (Id. ¶ 16)  If PEMEX's revision appeal is ultimately deemed admissible, it is believed that it could take the Mexican Supreme Court of Justice an additional four to nine months to decide the appeal. (Id. ¶ 19 )

## ARGUMENT

### I.   RESPONDENTS SHOULD BE REQUIRED TO PROVIDE APPROPRIATE SECURITY TO CONTINUE A STAY OF THESE PROCEEDINGS

Requiring PEMEX to post security in an amount at least equal to the Final Award, plus interest and applicable VAT to date, is plainly justified.  As the Court recognized in its 2013 Opinion and Order, Article VI of the Panama Convention expressly provides that where, as here, a stay is issued, the court issuing a stay "at the request of the party requesting execution, may also instruct the other party to provide appropriate guaranties." Conproca, S.A. de C.V., 2013 WL 5664988, at *3 (quoting Panama Convention, Art. VI); see also Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 318 (2d Cir. 1998)  (noting that "if enforcement is postponed under Article VI of the Convention, the party seeking enforcement may receive 'suitable security'"); Nedagro B.V. v. Zao Kobnversbank, No. 02 Civ. 3946 (HB), 2003 WL 151997, at *7 (S.D.N.Y. Jan. 21, 2003) (noting that Article VI provides for the provision of "suitable security" and holding that attached funds of Respondent satisfied the requirement).[3]

Notably, in almost all cases where a court granted a stay pursuant to Article VI of the Panama Convention, the court has required respondents to post security in an amount equal to at

---

[3]   The Court may order the provision of security in a number of different forms.  For example, this court has also held that an irrevocable letter of credit issued by a New York bank would qualify as "suitable security." See Spier v. Calzaturificio Tecnica S.p.A., No. 86 Civ. 3447 (CSH), 1988 WL 96839, at *2 (S.D.N.Y. Sept. 12, 1988).  CONPROCA submits that either cash or an irrevocable letter of credit from a New York bank would be appropriate here.

least the entire amount of the underlying award. <u>See</u> <u>Skandia Am. Reinsurance Corp.</u> v. <u>Caja</u> <u>Nacional de Ahorro y Segoro</u>, No. 96 CIV. 2301 (KMW), 1997 WL 278054, at *6 (S.D.N.Y. May 23, 1997) (ordering respondent to post security "in an amount to be determined by the parties, but in any event not less than [the amount awarded to petitioners]"); <u>Caribbean Trading</u> <u>& Fid. Co.</u> v. <u>Nigerian Nat. Petroleum Co.</u>, No. 90 Civ. 4169 (JFK), 1990 WL 213030, at *8 (S.D.N.Y. Dec. 18, 1990) ("[Respondent, an instrumentality of Nigeria] is required to post security in the amount of $10,255,728.80, the amount set forth in the arbitration award and the amount demanded in the Petition[.]"); <u>see also</u> <u>Int'l Ins. Co.</u> v. <u>Caja Nacional De Ahorro y</u> <u>Seguro</u>, 293 F.3d 392, 401 (7th Cir. 2002) (affirming district court's order requiring appellant to post pre-judgment security in the full amount of the arbitral award); <u>Alto Mar Girassol</u> v. <u>Lumbermens Mut. Cas. Co.</u>, No. 04 C 7731, 2005 WL 947126 (N.D. Ill. Apr. 12, 2005) (ordering defendant "to post suitable security, in the amount of [plaintiff's] share of the Final Award, together with interest thereon, for the duration of the stay."); <u>Korea Wheel Corp.</u> v. <u>JCA</u> <u>Corp.</u>, No. C05-1590C, 2005 WL 3454335, at *2 (W.D. Wash. Dec. 16, 2005) (ordering respondent "to pay the amounts due to [petitioner] under the June 23, 2005 arbitration award into the registry of the Court."); <u>Rive</u> v. <u>Briggs of Cancun, Inc.</u>, No. Civ. A. 99-2204, 2000 WL 98127, at *4 (E.D. La. Jan. 26, 2000) (requiring "bond or other equally satisfactory security in the sum of $2,760,000, the amount of the arbitral award at issue" to "protect the interests" of the petitioner).

In similar circumstances, Judge Hellerstein ordered a subsidiary of PEMEX to provide security in the full amount of an award (over $395 million) in cash to be deposited into the court

registry as security for a stay of confirmation proceedings pending a Second Circuit appeal. (Order, COMMISA, No. 1:10-cv-00206-AKH (S.D.N.Y. Dec. 15, 2010), ECF No. 72.) [4]

Requiring PEMEX to post security is particularly just and appropriate here because of the extraordinary delay and obstruction employed by PEMEX to date.  The principal amount awarded to CONPROCA in excess of $310 million arises from unpaid work on a project that ended in 2002 and which has been operational for PEMEX since that time. The ensuing arbitration between the parties lasted ten years.  Thus, the amounts owed under the Final Award are for work performed by CONPROCA more than twelve years ago.  Although the Final Award was issued on January 11, 2012, PEMEX waited more than six months – until July 27, 2012 – to commence the litigation in Mexico to nullify the Awards, litigation that then served as the basis for its stay application here.

Continuing its course of obstruction and delay, during this same time period PEMEX commenced a RICO action in this Court against CONPROCA and its owners concerning the same issues that underlie the arbitration and, somewhat incredibly, moved (unsuccessfully) to stay that action twelve days after having filed it.  This Court dismissed the RICO claims, Petroleos Mexicanos v. SK Eng'g & Const. Co. Ltd., No. 12 CIV. 9070 LLS, 2013 WL 3936191 (S.D.N.Y. July 30, 2013), and the Second Circuit affirmed that dismissal,  No. 13-3175-CV, 2014 WL 3445747 (2d Cir. Jul. 16, 2014).

---

[4] The guaranties contemplated under Article VI are similar to a typical supersedeas bond.  A "supersedeas bond filed in connection with stay pending appeal is usually for the full amount of the judgment, though the district court has discretion in setting the amount.  Jimco Enter., Inc. v. Lehigh Gas Corp., No. 1:07-CV-0578 (GTS/DRH), 2011 WL 4594141, at *6 (N.D.N.Y. Sept. 30, 2011); see also Nippon Emo-Trans Co., Ltd. v. Emo-Trans, Inc., 744 F. Supp. 1215, 1236-1237 (E.D.N.Y. 1990) (ordering appellant to post a bond in the full amount of award and a reserve sufficient to cover interest for an 18-month period during pendency of appeal).  Indeed, here CONPROCA has prevailed not just one time (as is the case in a typical supersedeas bond situation), but three times – in the arbitration, before the Mexican Eleventh District Court and before the Mexican Fourth Collegiate Court.

Now, PEMEX has filed an appeal with the Supreme Court of Mexico that will require PEMEX to prove that, in failing to nullify the Final Award, the Fourth Collegiate Court announced a new interpretation of the Mexican Constitution (and, if so, that such interpretation was wrong).  (Venegas Cruz Decl. ¶¶ 14-15)  This extraordinary new appeal may add an additional nine months of delay to these proceedings.  (Id. ¶ 19)  In addition, PEMEX's course of obstruction and delay here is consistent with its other conduct.  For example, during this same time period, PEMEX has resisted paying another international arbitration award rendered against it and in favor of a separate contractor.  See Corporacion Mexicana de Mantenimiento Integral. S. DE R.L. DE C.V. v. Pemex Exploracion y Produccion, Civ. No. 10-4656 (S.D.N.Y.) (Hellerstein, J.).

Given the general inclination of federal courts to require security as a condition of a stay of confirmation proceedings, the significant amount of the unpaid Final Award (and interest that continues to accrue), and the extraordinary delay by PEMEX in paying such amount, PEMEX should be required to post the security contemplated under Article VI of the Panama Convention to provide a ready means of collection once the Final Award is confirmed (subject to further accrual of interest and VAT, which will continue running pursuant to the Final Award).  See Spier v. Calzaturificio Tecnica S.p.A., No. 86 CIV. 3447 (CSH), 1988 WL 96839, at *2 (S.D.N.Y. Sept. 12, 1988) (Article VI of the New York Convention provides that where a stay is sought "the party seeking to enforce the award is entitled to security giving him a direct claim against either property or a guarantor resident in the country of enforcement."); see also John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., No. 91 CIV. 8635 (JFK), 1993 WL 515376, at *1 (S.D.N.Y. Dec. 8, 1993) ("protect[ing] the appellee's right to collect the judgment" and

"guarantee[ing] the appellee the costs of delay" are among the purposes for the supersedeas bond requirement under FRAP 62).

PEMEX should have no objection to posting security in exchange for a continued stay because (i) it has raised no substantive objection to confirmation of the arbitral awards in this proceeding, and (ii) as represented by counsel for PEMEX in our last conference before the Court on October 4, 2013, PEMEX reportedly intends to voluntarily pay the Final Award in full if it is not nullified in the Mexican courts. [5]

Accordingly, under Article VI of the Panama Convention, the Court should order Respondents to post security in the amount of USD592,926,082.74[6] as a condition to any continuing stay of this confirmation proceeding.

## II.    ALTERNATIVELY, THE COURT SHOULD LIFT THE STAY AND ALLOW CONFIRMATION TO PROCEED

Alternatively, if the Court does not require PEMEX to post security as a condition of continuing the stay, the Court should lift the stay and allow CONPROCA's motion to confirm to proceed.

---

[5]   Previously, PEMEX could provide no viable reason why the security requirement set forth in Article VI should not be granted by the Court if a stay were granted. Rather, the only cursory (and unavailing) point offered by PEMEX is a single sentence (without any support) that "[t]here is no risk that PEMEX will become insolvent during the pendency of these proceedings, and therefore no reason to sequester its assets." (PEMEX Consolidated Reply Brief, p. 23, ECF No. 25) Risk of insolvency, however, is not a requirement for a party to post security under Article VI and, thus, PEMEX's unsupported statement is of no moment. See de la Fuente v. DCI Telecommunications, Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (defendants' present ability to pay judgment was not a sufficient justification to excuse the "requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment."); Ambac Assur. Corp. v. Adelanto Pub. Util. Auth., No. 09 Civ. 5087 (JFK), 2014 WL 2893306, at *3 (S.D.N.Y. June 26, 2014) (same).

[6]   The USD592,926,082.74 figure constitutes the full gross amount awarded to CONPROCA, with interest, VAT and costs, through August 31, 2014. This amount will continue to accrue interest and VAT in accordance with the Final Award until payment is made to CONPROCA. PEMEX was awarded USD44,857,272.84 and MXP126,186,255.53 through the same date. (Vite Second Supp. Decl. ¶ 15)

A district court's authority to grant or lift a stay lies within the court's broad discretion, and "is an aspect of [the court's] broad and inherent power over (its) own process, to prevent abuses, oppressions and injustice, so as not to produce hardship, and to do substantial justice." Soler v. G&U, Inc., 86 F.R.D. 524, 526 (S.D.N.Y. 1980) (internal quotations and citations omitted); see also City of New York v. B.L. Jennings, Inc., 219 F.R.D. 255, 256 (E.D.N.Y. 2004) (same). Similar considerations for issuing a stay – "weigh[ing] competing interests and maintain[ing] an even balance" – likewise "should inform a decision to lift a stay previously ordered." Soler, 86 F.R.D. at 526 (citing Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)).

In addition to these considerations, courts in the Second Circuit have developed specific standards governing the stay of confirmation proceedings under Article VI of the Panama Convention. In general, a stay "should not be lightly granted lest it encourage abusive tactics by the party that lost in arbitration." Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 317 (2d Cir. 1998); see also Conproca S.A. de C.V., 2013 WL 5664988, at *1-2 (applying Europcar). In particular, "[u]nder the Convention, a court maintains the discretion to enforce an arbitral award even when nullification proceedings are occurring in the country where the award was rendered." Karaha Bodas, 335 F.3d at 367. As a result, a "district court should not automatically stay enforcement proceedings on the ground that parallel proceedings are pending in the originating country." MGM Prods. Group, Inc. v. Aeroflot Russian Airlines, 573 F. Supp. 2d 772, 777 (S.D.N.Y. 2003) (denying a stay under Article VI pending an appellate decision from a foreign jurisdiction), aff'd, 91 Fed. Appx. 716 (2d Cir. 2004).

Notably, courts in this District applying the Europcar factors frequently disfavor staying confirmation proceedings. See, e.g., MGM Prods., 573 F. Supp. 2d at 778 (declining to stay confirmation proceedings under Article VI); In re Matter of Arbitration between Interdigital

Commc'n Corp., 528 F. Supp. 2d 340, 360 (S.D.N.Y. 2007) (same); China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc., No. 06 Civ. 13107 (LAK), 2009 WL 3805596 (S.D.N.Y. Nov. 13, 2009) (same), remanded on other grounds, 411 Fed. Appx. 370 (2d Cir. 2011).[7]

Here, PEMEX has done everything it can to elongate and avoid the process of enforcing the Final Award.  If PEMEX is not required to post security while this action is stayed for up to another nine months pending PEMEX's further appeal in Mexico, the Court should lift the stay and allow CONPROCA's motion to confirm the arbitration awards to proceed.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that its motion to require Respondents to post security in cash or a letter of credit in the amount of $592,926,082.74 or, in the alternative, lift the stay and confirm the arbitration awards, be granted in its entirety, and that Petitioner be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 12, 2014

WHITE & CASE LLP

By: _David G. Hille_
David G. Hille (DH 9865)
Robert E. Tiedemann (RT 6126)
Joshua Elmore (JE 2080)

1155 Avenue of the Americas
New York, New York  10036-2787
(212) 819-8200

*Attorneys for Petitioner*
CONPROCA S.A. de C.V.

---

[7]   See also  DH Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (confirmation of an arbitral award should be a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court") (internal citation and quotation omitted); MGM Productions Group, Inc. v. Aeroflot Russian Airlines, 573 F. Supp. 2d 772, 774 (S.D.N.Y. 2003) (same); Banco de Seguros del Estado v. Mutual Marine Off., Inc., 257 F. Supp. 2d 681, 685 (S.D.N.Y. 2003) (same).