USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
CONPROCA, S.A. DE C.V.,

                    Petitioner,

                                          11 Civ. 9165 (LLS)

          - against -

                                          OPINION AND ORDER

PETRÓLEOS MEXICANOS AND PEMEX
REFINANCIÓN,

                    Respondents.
- - - - - - - - - - - - - - - - - - - X

          Petitioner CONPROCA, S.A. de C.V. ("CONPROCA"), a joint

venture between multinational corporations organized under the

laws of Mexico, petitions (a) to require respondents Petróleos

Mexicanos, Mexico's national oil exploration corporation, and

its affiliate Pemex-Refinanción (collectively, "PEMEX") to post

suitable security during the continued stay of these proceedings

to confirm two arbitral awards in CONPROCA's favor issued in

Mexico under Mexican law, or (b) to lift the stay and confirm

the awards.

          The facts of this case are set forth in my October 17, 2013

Opinion denying PEMEX's motion to dismiss CONPROCA's petition to

confirm the awards under forum non conveniens, granting PEMEX's

motion to stay the enforcement of the awards, and staying

further proceedings on CONPROCA's confirmation petition until 30

days after the expiration of the time to review the decision of

whatever Mexican court ultimately determines the validity of the

awards in Mexico. Conproca, S.A. de C.V. v. Petróleos Mexicanos, No. 11 Civ. 9165, 2013 WL 5664988 (S.D.N.Y. Oct. 17, 2013). Familiarity with that opinion is assumed.

When that ruling was made, PEMEX's annulment petition (to vacate the awards) was pending in the Eleventh District Court in Mexico. The parties estimated that the Mexican District Court decision would be subject to two potential levels of appellate review, and that it would take a year or two for it to become final.

In granting PEMEX's motion to stay the enforcement of the awards, I held:

> Mexico has an important interest in its review of those awards: they concern a Mexican national instrumentality, a Mexican joint venture, and the application of law which both parties have agreed governs their disputes. It is the function of Mexican courts, not United States Courts, to declare what Mexican law is.

> In this case, the better course is to respect Mexico's interest in determining the validity of the awards under Mexican law and refrain from action until the Mexican courts render their judgment. The stay is therefore granted.

> * * * * *

> Questions regarding the need for, and appropriate amount of security, if any, to be posted during the pendency of the stay may be addressed by application, if so desired.

Conproca, S.A. de C.V., 2013 WL 5664988, at *3.

Since that time, the Eleventh District Court and the Fourth Collegiate Court have dismissed PEMEX's annulment petition and

PEMEX has appealed those decisions to the Supreme Court of Justice of Mexico.   PEMEX says that the Supreme Court will likely resolve the case in four to nine months.   If PEMEX prevails, then the awards may be annulled, or remanded to the lower courts to implement the Supreme Court's ruling.   PEMEX's Opposition dated September 26, 2014, at p. 4.

PEMEX indicates it has in store more defenses to CONPROCA's motion to confirm the awards.   PEMEX does not simply accept that its liability depends on the outcome of the Mexican litigation. It states that if the Mexican Supreme Court denies its annulment petition, it will raise further arguments against enforcement of the underlying debt in this Court:

> If the Award is not annulled in Mexico, confirmation here would not be automatic because Pemex intends to renew its motion to dismiss this action for lack of personal jurisdiction, venue, and forum non conveniens – which this Court denied without prejudice precisely so Pemex could renew them if the Award was not annulled.

Id. at 6.

Thus, the situation is analogous to seeking a supersedeas bond on appeal: it furnishes security for ultimate payment (which will be contested in the meantime) if all further arguments against it fail.   See Fed. R. Civ. P. 62(d) which provides, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond."   The bond's purpose "is to ensure that the prevailing party will recover in full, if the decision

- 3 -

should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." Cohen v. Metro. Life Ins. Co., 334 F. App'x 375, 378 (2d Cir. 2009) (internal quotation marks and citation omitted).

When an appealing party challenges a court's underlying decision, he posts a supersedeas bond so that the other party may be made whole if the appeal is unsuccessful. Similarly, PEMEX's contemplation of an array of further attacks made within the United States court system, as well as in Mexico, against the arbitration awards fairly gives CONPROCA access to corresponding supersedeas protection.

For the foregoing reasons, CONPROCA's motion to require PEMEX to post security under Article VI of the Panama Convention during the continued stay of the enforcement of the awards (Dkt. No. 37) is granted, and PEMEX is directed to post security in the amount of $592,926,082.74, which represents the present (as of August 2014) full gross amount, plus interest,[1] awarded to CONPROCA by the arbitrators' Final Award on Quantum.

So ordered.

---

[1] While the parties dispute the correct amount of interest and VAT, as well as a substantial offset, this amount protects CONPROCA to the full present extent of its possible recovery.

- 4 -

Dated:   New York, New York
         December 11, 2014

                                    Louis L. Stanton
                                   _____
                                    LOUIS L. STANTON
                                      U.S.D.J.